# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | 16-1496 Angelica Rocha Herrera v. John Finnan et. al |
|---|---|
| **Originating No. & Caption** | 7:14-cv-02255-BHH |
| **Originating Court/Agency** | U.S. District Court for the District of South Carolina |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 USC 1331; 28 USC 1291 |
| Time allowed for filing in Court of Appeals | 40 days |
| Date of entry of order or judgment appealed | March 31, 2016 |
| Date notice of appeal or petition for review filed | May 3, 2016 |
| If cross appeal, date first appeal filed | N/A |
| Date of filing any post-judgment motion | N/A |
| Date order entered disposing of any post-judgment motion | N/A |
| Date of filing any motion to extend appeal period | N/A |
| Time for filing appeal extended to | N/A |
| Is appeal from final judgment or order? | ⊙ Yes     ○ No |
| If appeal is not from final judgment, why is order appealable? | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ⊙ Yes | ○ No |

01/27/2015
SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) ||| 
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⦿ No |
| Has transcript been filed in district court? | ○ Yes | ⦿ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| Case Handling Requirements (answer any that apply) ||| 
|---|---|---|
| Case number of any prior appeal in same case | N/A ||
| Case number of any pending appeal in same case | N/A ||
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A ||
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. ||
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. ||
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ⦿ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. ||

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

    Appellant filed a complaint for damages and a permanent injunction against Appellees, the individual members of the South Carolina Commission on Higher Education, the body responsible for administering the South Carolina's state tuition and financial aid regulatory framework.  The complaint alleged that under 42 U.S.C. 1983, the law and policies as applied to her violated her rights under the Equal Protection, Due Process, and Privileges and Immunities Clause of the U.S. Constitution.
    Appellant is a U.S. citizen who has lived in South Carolina nearly her entire life. During the process of applying to two different South Carolina institutions of higher education, South Carolina law and regulations were applied in a manner that designated her as a non-resident for college tuition and scholarship purposes, despite over fifteen (15) years of continuous residency in South Carolina.
    After considering cross motions for summary judgment, the district court dismissed the complaint, ruling that the Commissioners were not directly responsible for denying resident status to Appellant and could not therefore be liable under Section 1983.  The court also ruled, alternatively, that Appellant's constitutional challenges failed on their merits.

| **Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary) |
|---|
| 1. Whether the district court erred by concluding as a matter of law, that members of the Commission are not responsible for the implementation of Appellees' regulatory scheme that denied Appellant residency for the purposes of in-state tuition and state scholarships.<br><br>2. Whether the rebuttable presumption that Appellant, a dependent U.S. Citizen South Carolina resident, does not qualify as a state resident for tuition purposes because her parents are ineligible aliens under the state's financial aid and residency scheme, violates Appellant's right to Fourteenth Amendment Equal Protection.<br><br>3. Whether the district court erred in not holding that, as applied, the state financial aid residency scheme violates Appellant's fundamental right to familial association under the 14th Amendment Due Process Clause.<br><br>4. Whether the district court erred in not holding that, as applied, the state financial aid and residency scheme violated rights under the 14th Amendment Privileges and Immunities Clause. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.) ||
|---|---|
| Adverse Party: John L. Finnan<br><br>Attorney: Andrew F. Lindeman<br>Address: Davidson Morrison and Lindemann<br>PO Box 8568<br>Columbia, SC 29202-8568<br><br>E-mail: alindemann@dml-law.com<br><br>Phone: 803-806-8222 | Adverse Party: Hood Temple<br><br>Attorney: Andrew F. Lindeman<br>Address: Davidson Morrison and Lindemann<br>PO Box 8568<br>Columbia, SC 29202-8568<br><br>E-mail: alindemann@dml-law.com<br><br>Phone: 803-806-8222 |
| **Adverse Parties (continued)** ||
| Adverse Party: Bettie Rose Horne<br><br>Attorney: Andrew F. Lindeman<br>Address: Davidson Morrison and Lindemann<br>PO Box 8568<br>Columbia, SC 29202-8568<br><br>E-mail: alindemann@dml-law.com<br><br>Phone: 803-806-8222 | Adverse Party: Terrye C. Seckinger<br><br>Attorney: Andrew F. Lindeman<br>Address: Davidson Morrison and Lindemann<br>PO Box 8568<br>Columbia, SC 29202-856<br><br>E-mail: alindemann@dml-law.com<br><br>Phone: 803-806-8222 |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Angelica Rocha Herrera<br><br>Attorney: Burth G. Lopez<br>Address: 1016 16th Street N.W., Suite 100<br>Washington D.C. 20032<br><br>E-mail: Blopez@Maldef.org<br><br>Phone: 202-572-0695 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/Burth G. Lopez    **Date:** 5/17/16

**Counsel for:** Angelica Rocha Herrera

**Certificate of Service**: I certify that on 5/17/16 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| | |

Signature: /s/ Burth G. Lopez    Date: 5/17/16

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT DOCKETING STATEMENT-- CIVIL/AGENCY CASES
## (Addendum Listing Additional Adverse Parties)

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk=s docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 16-1496 Angelica Rocha Herrera v. John Finnan et. al |
| **Originating No. & Caption** | 7:14-cv-02255-BHH |
| **Originating Court/Agency** | U.S. District Court for the District of South Carolina |

**Adverse Parties (Appellees) (Continued)**

Natasha M. Hanna
Elizabeth Jackson
Leah B. Moody
Charles Munns
Kim F. Phillips
Jennifer B Settlemyer
Dianne C. Kuhl

**Attorney for Appellees**

Andrew F Lindemann
Davidson Morrison and Lindemann
PO Box 8568
Columbia, SC 29202-8568
803-806-8222
alindemann@dml-law.com